IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-431-SLR |
| | ) | Civ. No. 15-432-SLR |
| SPRINT COMMUNICATIONS CO., L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 19th day of February, 2016, having reviewed defendant Sprint Communications Co., L.P.'s ("Sprint") 12(b)(1) motion to dismiss for lack of subject matter jurisdiction (D.I. 8;[1] Civ. No. 15-432, D.I. 8), and the papers submitted therewith; the court issues its decision:

1. **Background.** On May 28, 2015, plaintiff Cisco Systems, Inc. ("Cisco") filed two declaratory judgment actions against Sprint seeking declarations of invalidity of six Sprint patents (D.I. 1)[2] and a declaration of non-infringement of seven Sprint patents.[3] (Civ. No. 15-432, D.I. 1) Cisco is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Jose, California. (D.I. 1 at ¶ 2) Sprint is a limited partnership organized and existing under the laws of the

---

[1] All citations are to Civ. No. 15-431 unless otherwise indicated.
[2] Seeking to invalidate U.S. Patents Nos. 6,298,064, 6,452,932, 6,463,052, 6,473,429, 6,633,561, and 7,286,561.
[3] Seeking declaratory judgment of non-infringement for U.S. Patents Nos. 6,343,084, 6,262,992, 6,330,224, 6,563,918, 6,639,912, 6,697,340, and 6,870,832.

State of Delaware, with its principal place of business in Overland Park, Kansas. (Civ. D.I. 1 at ¶ 3)

2. **Standard.** Not only may the lack of subject matter jurisdiction be raised at any time, it cannot be waived and the court is obliged to address the issue on its own motion. See Moodie v. Fed. Reserve Bank of NY, 58 F.3d 879, 882 (2d Cir. 1995). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000). Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). See 2 James W. Moore, Moore's Federal Practice § 12.30[4] (3d ed. 1997). Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. See id. Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous.'" Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

3. Under a factual attack, however, the court is not "confine[d] to allegations in the ... complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997); see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891–92 (3d Cir. 1977). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court

from evaluating for itself the merits of jurisdictional claims." *Carpet Group,* 227 F.3d at 69 (quoting *Mortensen,* 549 F.2d at 891). Although the court should determine subject matter jurisdiction at the outset of a case, "the truth of jurisdictional allegations need not always be determined with finality at the threshold of litigation." Moore, *supra,* § 12.30[1]. Rather, a party may first establish jurisdiction "by means of a nonfrivolous assertion of jurisdictional elements and any litigation of a contested subject-matter jurisdictional fact issue occurs in comparatively summary procedure before a judge alone (as distinct from litigation of the same fact issue as an element of the cause of action, if the claim survives the jurisdictional objection)." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 537–38 (1995) (citations omitted).

4. The Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201(a). A plaintiff bringing an action for declaratory judgment must prove, by a preponderance of the evidence, that an actual controversy exists. *See Shell Oil Co. v. Amoco Corp.,* 970 F.2d 885, 887 (Fed. Cir. 1992). An actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[4] *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S.

---

[4] "[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune,* 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227 (1937)). Consequently, the analysis of whether "a case of actual controversy" exists is essentially an analysis of whether Article III standing exists. *See generally id.; see also, e.g., SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372, 1381 (Fed. Cir. 2007), *Micron Tech., Inc. v. Mosaid Techs., Inc.,* 518 F.3d 897, 901 (Fed. Cir. 2008). For brevity's sake, the court confines its analysis in this opinion to whether, under the Declaratory Judgment Act, "a case of actual controversy" exists.

118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). An "adverse legal interest" requires a dispute as to a legal right—"for example, an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring." *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1374 (Fed. Cir. 2011). This is not a bright-line test. *See, e.g., Maryland Cas.*, 312 U.S. at 273; *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007). The Supreme Court has acknowledged that this inquiry will necessarily be fact specific and must be made in consideration of all the relevant circumstances. *See MedImmune*, 549 U.S. at 127.

5. **Discussion.** Consistent with the above explanation, the declaratory judgment inquiry is fact-driven. Although courts have identified various factors to look for in the inquiry, there is no bright-line test. It is Cisco's burden to demonstrate that it is an adverse party to Sprint in an actual dispute over a legal cause of action that has immediate, real-world consequences. The question is whether Sprint's litigation against Cisco's customers satisfies this test.

6. There is no dispute that Sprint has asserted infringement against various Cisco customers based on their use of Cisco products. (D.I. 1 at ¶¶ 14, 18, 23, 30, 37, 44, 51, 58; Civ. No. 15-432, D.I. 1 at ¶¶ 14, 21, 28, 35, 42, 49, 56, 63) The Federal Circuit has held, however, that suppliers have no right to bring a declaratory judgment action solely because their customers have been sued for direct infringement. *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014). Unlike the facts reviewed in *Arris* and *Microsoft*, Cisco has not cited to any "allegations by the patentee or other record evidence that establish at least a reasonable potential that such a claim could be

brought." *Microsoft*, 755 F.3d at 905. In *Microsoft*, for example, the patentee's claim charts cited the suppliers' product literature (indicative of inducement). *Id.* at 906. In *Arris*,[1] the Court found that the patentee's "extensive focus on Arris' . . . products in its infringement contentions," along with the allegation that such products "were designed specifically for use under the DOCSIS and PacketCable standards for VoIP," was sufficient to support the "implicit assertion that the supplier has indirectly infringed the patent" under 35 U.S.C. § 271(c) (contributory infringement). 639 F.3d at 1375, 1378.

7. Cisco argues that its customers' demands for indemnification satisfy the jurisdictional requirements of the Declaratory Judgment Act. I agree that, if Cisco "had an **obligation** to indemnify their customers, [it] would have standing to bring suit." *Microsoft*, 755 F.3d at 904 (emphasis added). However, the *Microsoft* Court specifically rejected the attempt in that case to broaden its precedent by granting standing based on customer requests without regard to the merits of such requests. *Id.*

8. The final two facts cited by Cisco in support of jurisdiction include Sprint's aggressive litigation strategies and Sprint's refusal to give assurances that it will not enforce its patents against Cisco. Although the Federal Circuit has recognized that "a patentee's refusal to give assurances that it will not enforce its patent is relevant to the determination [of declaratory judgment standing]," *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008) (citation omitted), the Court in *Microsoft* subsequently explained that such "post-complaint facts" "cannot create jurisdiction where none existed at the time of filing." *Microsoft*, 755 F.3d at 906. With respect to

---

[1] Recall that in *Arris*, the supplier engaged in extensive pre-lawsuit negotiations with the patentee, another factor justifying the exercise of declaratory judgment jurisdiction. *Arris*, 639 F.3d at 1372-73.

5

Sprint's aggressive licensing and litigation strategies - even in the face of this court's invalidating various of Sprint's patents - the prospect of continued litigation against Cisco customers, without more, is insufficient to pass muster under the current legal regime.[3]

9. **Conclusion.** For the reasons stated, Sprint's motion to dismiss for lack of subject matter jurisdiction (D.I. 8; Civ. No. 15-432, D.I. 8) is granted.

*[signature]*
United States District Judge

---

[3] Sprint is incorrect in averring that Cisco must, in its complaints, establish that its products meet each element of Sprint's infringement allegations. While a declaratory plaintiff indeed has the burden of "demonstrating [that] an actual case or controversy" exists, *King Pharm., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1282 (Fed. Cir. 2010), that burden does not extend to showing that the declaratory plaintiff holds meritorious positions on the issues in controversy. *Arris*, 639 F.3d at 1380. "It [would be] incongruous to require that one seeking a declaration of noninfringement prove its process or product is the 'same as' or 'identical' to the patented process or product." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 738 (Fed. Cir. 1988). "To require declaratory judgment plaintiffs to allege or show that their products or processes are infringements ... would limit the judgments they seek to declarations of invalidity or unenforceability." *Id.* at 738 n. 10. The Declaratory Judgment Act is not so limited. *Arris*, 639 F.3d at 1380.